UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES ANDERSON,

       Petitioner,                                Hon. Janet T. Neff

v.                                                            Case No. 1:10-CV-676

GRAND TRAVERSE BAND
OF OTTAWA AND CHIPPEWA
INDIANS TRIBAL COURT,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Anderson's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Anderson's petition be **dismissed without prejudice for failure to exhaust tribal remedies**.

## BACKGROUND

Anderson initiated the present petition for writ of habeas corpus on July 15, 2010. In his petition, Anderson alleges that he was convicted of Domestic Violence in The Grand Traverse Band of Ottawa and Chippewa Indians Tribal Court, for which he was sentenced to serve 365 days in jail. Petitioner asserts that his sentence is unlawful because he was not given sufficient credit for

1

time served prior to the imposition of his sentence. Petitioner also asserts numerous other challenges to his conviction, including that his rights to a speedy trial and to a jury trial were violated. On September 24, 2010, Respondent moved to dismiss Anderson's petition on the ground that Anderson has failed to first exhaust his remedies in tribal court. Petitioner has not responded to Respondent's motion. For the reasons discussed below, the undersigned recommends that Respondent's motion be granted and Anderson's petition be dismissed without prejudice.

## **ANALYSIS**

The Indian Civil Rights Act provides, in part, that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. It has long been recognized, however, that "as a matter of comity, tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act." *LaVallie v. Turtle Mountain Tribal Court*, 2006 WL 3498559 at *3 (D.N.D., Dec. 1, 2006) (citations omitted); *see also*, *LacVieux Desert Band of Lake Superior Chippewa Indians Tribal Council v. Lac Vieux Desert Band of Lake Superior Indians Tribal Court*, 2010 WL 3909957 at *1 (W.D. Mich., Sept. 14, 2010) (same).

This exhaustion requirement, however, is "not inflexible." *LaVallie*, 2006 WL 3498559 at *3; *LacVieux Desert Band of Lake Superior Chippewa Indians Tribal Council*, 2010 WL 3909957 at *1. Accordingly, "exhaustion of tribal remedies may not be required when 'where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction.'"

2

*LaVallie*, 2006 WL 3498559 at *3 (quoting *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 n.21 (1985)).

In support of its motion to dismiss, Respondent has submitted evidence that Petitioner has appealed the conviction that forms the basis for the present action and that Petitioner's appeal is presently pending before The Grand Traverse Band of Ottawa and Chippewa Indians Tribal Court. (Dkt. #7, 9). Petitioner has failed to respond to Respondent's motion to dismiss or otherwise challenge this evidence. Petitioner has not argued that Respondent is acting in bad faith, that exhausting his tribal remedies would be futile, or that there exists any other basis for disregarding the general rule that Petitioner must first exhaust his tribal remedies before seeking relief in federal district court. The Court likewise discerns no basis to deviate from the general exhaustion rule articulated above.

Accordingly, the undersigned recommends that Respondent's motion be granted and Anderson's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust tribal remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Anderson's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust tribal remedies.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 21, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

4